JUDGE CARTER

14 CV 8124

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARIEL DOUGLAS,                                          )
                                                        )
                          Plaintiff,                    )     **COMPLAINT**
                                                        )
          -against-                                     )     **JURY TRIAL DEMANDED**
                                                        )
THE CITY OF NEW YORK; POLICE OFFICER                    )
ANTHONY DIFRANCESCA, Shield No. 04200;                  )
POLICE OFFICER JEROME ALLEN, Shield No.                 )
27302; POLICE SERGEANT BRIAN BYRNES,                    )
Shield No. 969; JOHN DOES; and RICHARD                  )
ROES,                                                   )
                                                        )
                          Defendants.                   )
------------------------------------------------------X

RECEIVED
OCT 09 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff ARIEL DOUGLAS seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff ARIEL DOUGLAS was at all times relevant herein a resident of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants POLICE OFFICER ANTHONY DIFRANCESCA, POLICE OFFICER JEROME ALLEN, POLICE SERGEANT BRIAN BYRNES, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and

functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER ANTHONY DIFRANCESCA, POLICE OFFICER JEROME ALLEN, POLICE SERGEANT BRIAN BYRNES, and JOHN DOES are sued individually and in their official capacity.

8. Defendants POLICE SERGEANT BRIAN BYRNES and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. POLICE SERGEANT BRIAN BYRNES and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

9. On October 14, 2011, approximately 8 a.m., Plaintiff was present in the vicinity of Maiden Lane and Water Street in lower Manhattan.

3

10. Plaintiff was serving as a legal observer - wearing a neon lime green hat clearly identifying himself as such - in connection with demonstrations that were occurring that morning as part of the Occupy Wall Street (OWS) movement.

11. JOHN DOES members of the NYPD, including JOHN DOES members of the NYPD riding police scooters, had been particularly aggressive and violent with demonstrators and those thought to be associated with them (such as legal observers) that morning, and a number of police assaults and false arrests were committed that morning by members of the NYPD.

12. Defendant POLICE OFFICER ANTHONY DIFRANCESCA aggressively rode his police scooter into Plaintiff, causing Plaintiff to fall down.

13. Defendant POLICE OFFICER ANTHONY DIFRANCESCA then ran over Plaintiff's leg with his police scooter, brought the scooter to rest with its rear wheel on Plaintiff's right foot, and got off the scooter.

14. Plaintiff was terrified and in pain, and screaming.

15. Plaintiff kicked the scooter to get it off of him.

16. A number of JOHN DOES police officers – on information and belief including Defendant POLICE OFFICER JEROME ALLEN and Defendant POLICE SERGEANT BRIAN BYRNES – then manhandled and attacked Plaintiff, including with the use of police batons, and including by banging Plaintiff's head into the roadway.

17. Plaintiff was not resisting the officers, and was in fact trying to cooperate with being handcuffed so that they would stop hurting him.

18. The officers were purposefully pulling Plaintiff's arm up and out in order to inflict pain on him.

19. Plaintiff was screaming in pain.

20. The officers handcuffed plaintiff (on information and belief using plastic flexcuffs), and threw him onto the floor of a police transport vehicle.

21. Plaintiff was taken to a police precinct (on information and belief the NYPD 7th Precinct).

22. Upon arrival at the precinct, Plaintiff was taken out of the transport vehicle by the transport officers.

23. Plaintiff was bleeding profusely and had blood all over his face from the assault he had sustained, and the transport officers called for emergency medical assistance.

24. Officers from the precinct were making derogatory comments about people connected with the OWS movement.

25. Emergency Medical Technicians (EMTs) arrived.

26. Plaintiff was taken, in NYPD custody, to Bellevue Hospital where he received medical care.

27. Plaintiff was then taken back to the police precinct, and placed in a cell.

28. While Plaintiff was at the precinct, a JOHN DOE member of the Internal Affairs Division took photographs of Plaintiff's face with a cell phone, and continually badgered Plaintiff to remove the sterile bandaging that had been applied to his wounds at Bellevue Hospital (which Plaintiff refused to do), and continually tried to question Plaintiff despite Plaintiff's repeated requests for an attorney.

29. Plaintiff asked numerous times at the precinct to make a phone call, but was not permitted to do so for an inordinately long period of time.

30. From the precinct Plaintiff was taken to Manhattan Central Booking.

31. Plaintiff was arraigned on the following morning or early afternoon.

32. Plaintiff was originally arraigned on a felony Criminal Complaint, in which he was falsely charged with one count of violation of Penal Law § 145.05 (Criminal Mischief in the Third Degree), and one count of violation of Penal Law § 205.30 (Resisting Arrest)

33. Defendant POLICE OFFICER JEROME ALLEN is the deponent on this felony Criminal Court Complaint that was lodged against Plaintiff, and falsely attests, under penalty of perjury, that he is informed by Defendant POLICE SERGEANT BRIAN BYRNES that BYRNES observed Plaintiff, without permission or authority, kick over a NYPD motorcycle, causing it to be damaged in an amount over $250, and that he is informed by BYRNES that when BYRNES was placing Plaintiff under arrest Plaintiff resisted arrest by flailing his arms and kicking his legs.

34. A misdemeanor Criminal Complaint was subsequently lodged against Plaintiff on October 24, 2011, in which he was falsely charged with one count of violation of Penal Law § 145.00(1) (Criminal Mischief in the Fourth Degree), and one count of violation of Penal Law § 205.30 (Resisting Arrest)

35. Defendant POLICE OFFICER ANTHONY DIFRANCESCA is the deponent on this misdemeanor Criminal Court Complaint that was lodged against Plaintiff, and falsely attests, under penalty of perjury, that he is informed by Defendant POLICE SERGEANT BRIAN BYRNES that BYRNES observed Plaintiff, without permission or authority, kick over a NYPD motorcycle, and that he is informed by BYRNES that when BYRNES was placing Plaintiff under arrest Plaintiff resisted arrest by kicking his legs.

36. A Supporting Deposition was executed by Defendant POLICE SERGEANT BRIAN BYRNES on March 27, 2012, in which he falsely attests, under penalty of perjury, that the facts in the Criminal Complaint that are stated to be on information furnished by him are true upon his personal knowledge.

37. The allegations in the Criminal Court Complaints, and the Supporting Deposition, are lies.

38. Plaintiff was attacked by the Defendants officers, including with a motor scooter, which he kicked because it was left by Defendant POLICE OFFICER ANTHONY DIFRANCESCA on top of his leg.

39. Plaintiff did not resist arrest by flailing his arms or by kicking his legs. Plaintiff did not resist arrest at all.

40. When Plaintiff went back to the precinct the day of his release to retrieve his personal property that had been confiscated by the police, all of his electronic devices (e.g., his cell phone, camera, and tablet) were returned to him shrink-wrapped.

41. On information and belief, these sorts of personal property items are not normally shrink-wrapped when they are confiscated from arrestees.

42. On information and belief, these items were wrapped in this fashion because they had been unlawfully searched through or otherwise tampered with for intelligence-gathering purposes.

43. Unlawful intelligence-gathering by the NYPD through the seizure of OWS-related individuals' electronic equipment has occurred on a number of other occasions. *See*, e.g., Fields and McKeown v. City of New York, et al., 13 Civ. 8819 (JGK); Schrader v. City of New York,

et al., 13 Civ. 1995 (HB).

44.    Plaintiff had approximately 18 court appearances over the course of his prosecution on these false charges.

45.    All charges against Plaintiff were dismissed in their entirety on January 10, 2014.

## **FIRST CLAIM**

## **DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

46.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.    By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, violating rights to due process of plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants POLICE OFFICER ANTHONY DIFRANCESCA, Shield No. 04200; POLICE OFFICER JEROME ALLEN, Shield No. 27302; POLICE SERGEANT BRIAN BYRNES, Shield No. 969; JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

48. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants POLICE SERGEANT BRIAN BYRNES and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

51. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

55. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct (including, but not limited to, the targeting of Legal Observers for false arrest, or physical or other abuse). These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

56. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

57. At all times material to this complaint, the defendant CITY OF NEW YORK has been on continuing notice that officers and commanders of the New York City Police Department tolerate and encourage police to lie, and to otherwise act, to cover up the wrongful conduct of themselves and their fellow officers. This can be shown with reference to the following cases:

    a. <u>Ariza v. City of New York</u>, 1996 U.S. Dist. LEXIS 20250, 14 (E.D.N.Y. March 7, 1996) ["The [municipal] defendants concede, however, that the code exists to prevent other officers from reporting corruption or dishonesty by fellow officers.... [t]he principle behind the 'blue wall of silence' is that officers will suffer recrimination for breaking ranks and subjecting police conduct to public scrutiny."]

    b. <u>White-Ruiz v. City of New York</u>, 1996 U.S. Dist. LEXIS 15571, 23 (S.D.N.Y. October 21, 1996) ["[P]laintiff offers sufficient evidence to permit a reasonable trier of fact to infer that the 'blue wall of silence' constitutes a custom or usage of the Department"]

    c. <u>United States v. Rosario</u>, 237 F. Supp. 2d 242, 248 (E.D.N.Y. 2002) ["[Assistant U.S. Attorney] Palmer testified that while supervising the federal investigation into the Louima assault, she routinely confronted a 'blue wall of silence' erected by police officers and PBA officials intent on obstructing efforts to uncover the full truth about what had happened at the 70th precinct on August 9, 1997."]

    d. <u>Barry v. New York City Police Dep't</u>, 2004 U.S. Dist. LEXIS 5951, 40-41 (S.D.N.Y. April 7, 2004) ["[P]laintiff's witnesses speak from firsthand experience

about the blue wall of silence.... Plaintiff complains of acts that are of the precise nature as the customs and practices described in the [Mollen Commission] Report."

  e. <u>Griffin v. City of New York et al.</u>, 10 Civ. 01824 (E.D.N.Y. 2010) [Plaintiff detective sues on pattern of retaliation following his reporting fellow detective to Internal Affairs, fellow officers cover for detective accused of misconduct, *see*, e.g., at ¶35: "Internal Affairs conducted its investigation into [Detective] Plaintiff's allegations [of misconduct] against [Detective] McCarthy. All of the material witnesses failed to cooperate with the investigation by being less than truthful.... [a]s a result, the allegations made by Plaintiff against McCarthy were dismissed as unsubstantiated."]

  58. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions, and in unconstitutional, violent, and overly aggressive actions toward individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

  59. The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the use of excessive force, unlawful detention, interference with protected First Amendment activity, retaliatory use of force, unlawful seizures and searches of property for intelligence purposes, malicious prosecutions, abuse of process and deprivation of liberty without

due process of law against individuals apparently associated with Occupy Wall Street while engaged in protected First Amendment activity, are further evidenced, *inter alia*, by the hundreds of incidents - including the incident involving the Plaintiff herein - involving questionable arrests and uses of force by NYPD officers against OWS protestors documented in the press and compiled by The Global Justice Clinic at the New York University School of Law and the Walter Leitner International Human Rights Clinic at the Leitner Center for International Law and Justice at Fordham Law School in their publication entitled "Suppressing Protest: Human Rights Violations in the U.S. Response to Occupy Wall Street," published July 25, 2012, *available online at* http://www.documentcloud.org/documents/403969-suppressing-protest.html (last visited March 13, 2014).

60.    Numerous civil rights cases have also been filed in this district (most pending, and some settled or resolved by accepted Rule 68 Offer – information concerning amounts provided as available) arising out of allegations of, *inter alia*, false arrest and excessive force that occurred in relation to OWS.  Some of these cases (current as of March, 2014) are:

- Schrader v. City of New York, et al., 13 Civ. 1995 (HB) (settled for $82,500);

- Schmidt v. City of New York, et al., 13 Civ. 961 (DLC) (accepted Rule 68 Offer of $15,002, plus payment of $18,000 in attorneys' fees and costs);

- Fields and McKeown v. City of New York, et al., 13 Civ. 8819 (JGK) (pending);

- Eric-John Russell v. City of New York, et al., 13 Civ. 9047 (ALC) (pending);

- Alexander Penley v. City of New York, et al., 14 Civ. 1577 (JGK) (pending);

- Rodriguez et al. v. Winski et al., 12 Civ. 3389 (NRB) (pending);

- Damien Crisp v. City of New York, et al., 12 Civ. 5842 (RWS) (pending);

- <u>Kelly Hanlin v. City of New York, et al.</u>, 12 Civ. 5844 (RWS) (pending);

- <u>Julie Lawler v. City of New York, et al.</u>, 12 Civ. 5843 (RWS) (pending);

- <u>Phoebe Berg, et al v. City of New York, et al.</u>, 12 Civ. 3391 (TPG) (pending);

- <u>Moira Meltzer-Cohen v. City of New York, et al.</u>, 14 Civ. 516 (SAS) (pending);

- <u>Amanda Clarke v. City of New York, et al.</u>, 13 Civ. 5303 (RWS) (pending);

- <u>Rhiannon Ball v. City of New York, et al.</u>; 13 Civ. 5563 (RWS) (pending);

- <u>Gabriel Brown v. City of New York, et al.</u>, 13 Civ 2058 (NRB) (settled for $15,000);

- <u>Damian Treffs v. City of New York, et al.</u>, 12 Civ. 3030 (HB) (settled for $27,500);

- <u>Friesdat v. The City of New York et al.</u>, 14 Civ. 625 (JGK) (pending);

- <u>Jimenez v. The City Of New York , et al.</u>, 14 Civ. 413 (RA) (pending);

- <u>Shamir v. The City of New York et al.</u>, 13 Civ. 5652 (CM) (pending);

- <u>Adsluf v. The City of New York, et al.</u>, 13 Civ. 2295 (LGS) (settled for $40,000);

- <u>Perloff v. The City of New York, et al.</u>, 13 Civ. 4175 (KBF) (pending);

- <u>Garcia v Bloomberg, et al.</u>, 11 Civ. 6957 (JSR) (pending);

- <u>Elliot, et al. v. City of New York, et al.</u>, 12 Civ. 992 (RWS);

- <u>Schomburg v. Bologna, et al.</u>, 12 Civ. 7161 (RWS);

- <u>Dierken, et al. v. City of New York, et al.</u>, (RWS) (pending);

- <u>Dedrick v. City of New York, et al.</u>, 12 Civ. 7165 (RWS);

- <u>Sterling, et al. v. City of New York, et al.</u>, 12 Civ. 7086 (RWS);

- <u>Clarke, et al. v. City of New York, et al.</u>, 13 Civ. 5303 (RWS);

- <u>Ball v. City of New York, et al.</u>, 13 Civ. 5563 (RWS);

- <u>Brown v. City of New York et al.</u>, 13 Civ. 1018 (KAF) (pending);

- <u>Bogart v. City of New York et al.</u>, 13 Civ. 1017 (NRB) (pending);

- <u>Boss v. City of New York, et al.</u>, 12 Civ. 8728 (GBD) (settled);

- <u>Global Revolution TV, et al. v. City of New York, et al.</u>, 12 Civ. 5086 (GBD) (settled);

- <u>Iskender v. City of New York, et al.</u>, 13 Civ. 2899 (RA) (settled);

- <u>Peat, et al. v. City of New York, et al.</u>, 12 Civ. 8230 (SAS) (settled);

- <u>Arce v. City of New York, et al.</u>, 13 Civ. 8486 (PKC) (settled);

- <u>Laugier v. City of New York, et al.</u>, 13 Civ. 6171 (HB) (pending);

- <u>Jefferson Meighan v. City of New York, et al.</u>, 12 Civ. 7929 (AKH) (settled);

- <u>Pluma v. City of New York, et al.</u>, 13 Civ. 2017 (TPG) (pending);

- <u>Ross, et al. v. City of New York, et al.</u>, 13 Civ. 5012 (VSB) (settled);

- <u>Stoeckley, et al. v. City of New York, et al.</u>, 13 Civ. 6173 (VSB) (pending);

- <u>Time's Up, Inc., et al. v. City of New York, et al.</u>, 13 Civ. 1081 (GBD) (settled);

- <u>Wiles v. City of New York, et al.</u>, 13 Civ. 2898 (HB) (pending);

- <u>Rechtschaffer v. City of New York, et al.</u>, 13 Civ. 0709 (JPO) (settled);

- <u>Adona v. City of New York, et al.</u>, 12 Civ. 7458 (HB) (accepted Rule 68 Offer of $25,001, plus payment of $35,000 in attorneys' fees and costs);

- <u>Tardif v. New York et al.</u>, 13 Civ. 4056 (LTS) (pending);

- <u>Occupy Wall Street, et al. v. City of New York, et al.</u>, 12 Civ. 4129 (GBD) (settled for $47,000, plus $186,349.58 in attorneys' fees and costs);

- <u>Carpenter, et al. v. City of New York, et al.</u>, 11 Civ. 8414 (GHW) (pending).

61. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden-variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            October 9, 2014

JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff