14 Civ 8124 (ALC) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DOUGLAS,

                                                      Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER ANTHONY DIFRANCESCA, Shield No. 04200; POLICE OFFICER JEROME ALLEN, Shield No. 27302; POLICE SERGEANT BRIAN BYRNES, Shield No. 969; JOHN DOES; and RICHARD ROES,

                                                      Defendants.

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, New York 10007*
    *Of Counsel: Andrew J. Lucas; Joy T. Anakhu*
    *Tel: (212) 356-2373*

**TABLE OF CONTENTS**

**STATEMENT OF FACTS**......................................................................................................... 1

**STANDARD OF REVIEW** ....................................................................................................... 3

**ARGUMENT**................................................................................................................................ 3

        **PLAINTIFF'S MOTION FOR JUDGMENT ON EXCESSIVE FORCE MUST BE DENIED** ............................................ 3

        **PLAINTIFF'S MOTION FOR JUDGMENT RELATED TO HIS FAILURE TO INTERVENE CLAIM AGAINST SERGEANT BYRNE AND OFFICER ALLEN MUST BE DENIED** ........................................................................................... 7

**CONCLUSION** .......................................................................................................................... 12

Defendants City of New York, Police Officer Anthony DiFrancesca, Police Officer Jerome Allen and Police Sergeant Brian Byrnes ("Defendants"), by their attorney, Zachary W. Carter, respectfully submit this memorandum of law in opposition to plaintiff's partial motion for summary judgment. Plaintiff's motion is limited to seeking judgment on excessive force against Officer DiFrancesca and on a failure to intervene theory related to force against Officer Allen and Sergeant Byrnes.

## STATEMENT OF FACTS

As plaintiff approached an arrestee at the corner of Water Street and Maiden Lane, Officer DiFrancesca was in the process of creating a perimeter with his police scooter between the surging crowd, which included plaintiff, and police officers as they were effectuating an arrest. (56.1 ¶ 51-53). To create this barrier, Officer Di Francesca moved his scooter forward with his feet, without using the accelerator so the police could load arrestees safely into the van. (Id. ¶ 54). As Officer DiFrancesca created this perimeter; he repeatedly used his scooter horn and yelled for the crowd to "get back". (Id. ¶ 55). Although Officer DiFrancesca utilized his scooter horn and yelled orders to the crowd to stay back, plaintiff continued to advance towards the van. (Id. ¶ 51-52). Plaintiff eventually made contact with Officer DiFrancesca's scooter when he deliberately stuck his foot in its way. (Id. ¶ 58). Plaintiff then fell to the ground (Id. ¶ 59). Officer Francesca did not observe any part of plaintiff's feet under the scooter. (Id. ¶ 60). Non-parties and media confirm that it appeared plaintiff was merely holding his feet up against the scooter, prior to kicking it over. (Id. ¶ 56, 60, 61). Plaintiff then kicked the scooter with his left foot and the scooter collided into a police van. (Id. ¶ 62). This collision caused damage to the scooter and van (Id. ¶¶ 63). As a result of Plaintiff kicking the scooter, he was placed under arrest.

Officer DiFrancesca took hold of plaintiff, placed plaintiff on his stomach and used his night stick to hold plaintiff down until someone could assist him with applying handcuffs to plaintiff. (Id. ¶ 35). Officer DiFrancesca then tried to grasp plaintiff's hand. (Id. ¶ 65, 67-69). When the officers attempted to place handcuffs on plaintiff, locked both of his hands together. (Id. ¶ 67-68). Consequently, it was a struggle for the officers to get plaintiff's arms behind his back. (Id. ¶ 65, 69). Plaintiff thought it took the police officers one to three minutes to place him in handcuffs. (Id. ¶ 44).

Plaintiff was then transported to Bellevue Hospital. (Id. ¶ 50). At the hospital, plaintiff complained of an injury to his right arm, bumps and bruises, a head wound, and pain in his ankles. (Id. ¶ 50, 75-81). The doctor at the hospital did not prescribe any course of treatment for plaintiff's right arm; bumps and bruises; and pain in his ankles. (Id. ¶¶ 78). In fact, plaintiff did not have any swelling or deformity in his ankles. (Id. ¶ 79). Plaintiff received three to four stitches for the cut on his head. (Id. ¶ 80). Plaintiff did not receive any subsequent medical treatment. (Id. ¶ 81). Taking the facts as presented by defendants, plaintiff faked a collision with an officer attempting to establish a perimeter around an arrest situation. He drew in a large volatile crowd, violently damaged property and endangered those nearby, tried to 'scoot' away from the scene and then resisted arrest when apprehended. He was not punched, kicked, or struck, but scraped his face while resisting arrest. Id. ¶ 65. Any force used was reasonable on a violent and erratic arrestee for a serious crime who was both resisting and seeking to escape. Plaintiff fails to make either a *prima facie* showing of entitlement to summary judgment, nor can he overcome defendants' entitlement to qualified immunity. Bizarrely plaintiff spends the bulk of his papers opining about what portions of defendants version of events he does not agree with. Certainly that cannot meet his burden and his motion must be denied.

**STANDARD OF REVIEW**

In ruling on a summary judgment motion, all evidence must be viewed in the light most favorable to the non-moving party.  Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004).  On review the Court is required to "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]"  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).  A court can only grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact."  FED. R. CIV. P. 56(a); Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).  A material fact is one that might affect the outcome of a suit under governing law.  Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003).

**ARGUMENT**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON EXCESSIVE FORCE MUST BE DENIED**

Plaintiff argues in the first instance that he is entitled to summary judgment against Officer DiFrancesca.  This argument is framed largely by presenting an inaccurate and selective narrative that plaintiff attempts to bolster by use of adjectives, not facts.

In the first instance, and by reference to extensive quotation of the record, Plaitniff makes reference to what he calls "manifest unreasonableness of [Officer DiFrancesca's] attitudes and conclusions" about what occurred before plaintiff kicked over the police scooter. Pl MOL p. 8.  In fact, as set forth by video evidence and photos, non-party witnesses, and by the defendants themselves, the idea that plaintiff was deliberately provoking this incident and faking any injury was at least reasonable and in fact publically reported after the events at issue. Anakhu Decl., Ex C 11:21-12:18.  It is also confirmed by reference to video and stills.  Ex D1-3; Ex E 01:19-01:38.  At this stage, as the non-moving party the Court must accept defendants

3

version of events.  This requires setting aside plaintiff's conclusions that DiFrancesca was 'manifestly unreasonable,' as well as whatever ill-defined argument he claims that supports. Regardless, undisputable evidence and non-party witnesses corroborate that Officer DiFrancesca was reasonable, and at least arguably reasonable, in his belief that plaintiff is in fact a confabulator.[1]

Plaintiff next argues that Officer DiFrancesca was unreasonable in assumptions he made about plaintiff provoking and faking impact with his scooter.  Pl MOL p. 8.  Again, plaintiff's opining about defendants purported unreasonable assumptions confuses his role and certainly his burden at the summary judgment stage.  Plaintiff is not entitled to summary judgment simply by protesting the narrative of the non-moving party.  The facts must be viewed in the light most favorable to the non-moving party, and all inferences drawn in their favor. Again, this makes plaintiff's complaints non-sequitors.  Notwithstanding, in an attempt at closing the loop, Officer DiFrancesca saw plaintiff's actions and drew the conclusion that he provoked any contact and staged any injury.  Anakhu Decl., Ex B 113: 18-24.  That conclusion must be viewed as correct as he is the non-moving party, and objectively can only be accepted as reasonable.  This is particularly true given the extremely low speed of any contact and the fact that plaintiff stuck his foot out in front of Officer DiFrancesca and ignored his horn and orders to get back.  Id. 65: 3-10; 81:23-82:7.  Officer DiFrancesca went on to describe that plaintiff held his feet upto first the front, and then the rear tires.  Third parties, and media describe similarly, that plaintiff appeared to be holding his feet upto the tires to the scooter to make it appear he was

---

[1] Further, plaintiff's status as a legal observer does not make him immune to bias, and plaintiff cannot rationally set forth that it somehow predisposes him to a pro-police bias such that Officer DiFrancesca is unreasonable.

hit, when in fact there was never any accident, let alone that he was run-over. Anakhu Decl., Ex C 11:21-12:18; Ex D1-3; Ex E1-3, 01:19-01:38.

Plaintiff next opines as though the Court should accept his word on police crowd control over an actual police officer, and one who was actually present at the event in question. Pl MOL p. 9. Officer DiFrancesca did engage in crowd control, and plaintiff concedes that is both what brought him to that intersection originally, to keep the crowd back from an ongoing arrest, and what he did after plaintiff staged an incident. Plaintiff's musing that the crowd was not growing or surging closer to the van, the other arrestee and plaintiff, is unfounded. In fact, of the various videos available in this case they show by and large a fast growing crowd all simultaneously jostling to get closer. While the number of police did grow over time, so did the crowd, and as plaintiff is aware at least two members of the crowd were subsequently arrested for interfering with the police, including by throwing liquid and trash at them. Finally, of course Officer DiFrancesca did not assist plaintiff as he feigned being hit by a scooter. He was faking it, something evident to members of the crowd, Anakhu Decl., Ex C 11:21-12:18; and officers alike. Anakhu Decl., Ex B 113: 18-24.

Plaintiff next argues that despite the fact that he kicked a police scooter towards officers and a police van after faking being hit by it, facts that must be accepted as true for purposes of this motion, Officer DiFrancesca was again "entirely unreasonabl[e]" to think that he would be violent. In fact, plaintiff had just staged an incident interfering with the police, kicked and damaged police property, and kicked it towards other officers.[2] In fact after plaintiff booted the police scooter, he then kept kicking his legs, which he now purports was just to help him scoot away from the scene. Sergeant Bynres testified that plaintiff was kicking his legs as they

---

[2] As noted at 56.1 ¶ 41, Officer Allen nearly had the scooter kicked directly into his knees, which could have severly injured him. Ex E, 01:25-01:36.

5

attempted to place him under arrest. Anakhu Decl. Ex G 60: 3-18. To the extent this portion of the narrative is relevant to plaintiff's force claim it is because based on these facts, Officer DiFrancesca had just witnessef plaintiff commit a violent and dangerous act and then try to get away. Plaintiff wraps up this misguided argument by inserting into the narrative his own unsupported language, *e.g.* that plaintiff was 'violently mashed' into the pavement with a nightstick. Clearly his motion is no more supported or proper by repeating his own narrative. Plaintiff concludes broadly that his sole basis for summary judgment is by reference to his own facts and by discounting defendants' version of events. Only by discounting defendant DiFrancesca's testimony as "unreasonable assumptions and conclusions" can he prevail. Pl MOL p. 10. Clearly to do so has no basis in law or fact.

Plaintiff goes on to describe defendant DiFrancesca as a physically powerful former marine.[3] That colorful description provides no information that is actually relevant to an excessive force analysis, to the extent it even extends beyond an approving assessment of defendant's physique. He argues again that plaintiff was mashed into the pavement with a nightstick, but again, that finds no support for that proposition at this stage. Plaintiff was held in place on the ground at the base of his neck and shoulders while resisting arrest. Anakhu Decl. Ex B 140: 18-23. Plaintiff was actively resisting arrest, after provoking an incident, committing a violent act, destroying property, drawing a crowd, and trying to get away – or 'scoot' away as he would frame it. Framing this issue under the Graham factors, plaintiff had just committed a violent and serious crime that could have resulted in a significant injury and did result in property damage. He tried to escape after commission of those crimes and resisted arrest once the police tried to place him in custody. Additionally, plaintiff initiated the police interaction in

---

[3] He also refers to his arms as "large and powerful." 56.1 ¶ 7

a fluid and volatile environment that saw members of the crowd surging in and throwing objects at the police. Viewing these events in the light most favorable to defendants, force was justified and reasonable under the circumstances. Additionally, to be entitled to summary judgment plaintiff would have to satisfy the even higher burden of showing that no defendant is entitled to qualified immunity, that any right which was violated was clearly established, and defendant DiFrancesca was not even arguably reasonable such that any reasonable officer could believe his actions were proper.

By merely positing that defendant DiFrancesca was unreasonable plaintiff has failed to meet his burden. Adopting defendants' version of events it is clear that plaintiff faked this incident, drew in a large and volatile crowd, violently kicked a scooter damaging it and potentially injuring those nearby, tried to get away and resisted arrest when police came into contact with him. Given these facts and his ongoing resistance to being handcuffed or placed in custody any force used was reasonable or at least arguably reasonable and plaintiff's motion must be denied.

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RELATED TO HIS FAILURE TO INTERVENE CLAIM AGAINST SERGEANT BYRNE AND OFFICER ALLEN SHOULD BE DENIED**

Apparently seeing the legal contradiction of alleging an excessive force *and* a failure to intervene theory against Sgt. Byrnes and Officer Allen, plaintiff appears to have altered the theory of his case as it relates to force and now claims that he does not assert an excessive force claim against Sgt. Brian Byrnes or Officer Jerome Allen. This subsequent attempt to assert damages against these officers on that claim should be dismissed. As this court is aware and as noted "[i]n this Circuit, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Smith v. New York City Police Dept,

7

06 Civ. 15436 (S.D.N.Y. Feb. 4, 2010) (JSR), 2010 U.S. Dist. LEXIS 9917, *4 (quoting McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977). "To survive a motion for summary judgment, there must be some evidence of the personal involvement of each defendant in the alleged constitutional deprivation." Ricks v. O'Hanlon, 07 Civ. 9849 (S.D.N.Y. Jan. 19, 2010) (WHP), 2010 U.S. Dist. LEXIS 4189 *4 (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)).

"A police officer is personally involved in the use of excessive force if the officer either: (1) directly participates in an assault; or (2) is present during the assault, and fails to intercede on behalf of the victim even though he had a reasonable opportunity to do so." Vesterhalt v. City of New York, 667 F. Supp. 2d 292, 297 (S.D.N.Y. 2009) (citing Ricciuti v. New York City Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997)).  However; liability will only attach when "(i) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (ii) the officer does not take reasonable steps to intervene." Jiminez v. City of New York, 2015 U.S. Dist. LEXIS, at *16-17 (S.D.N.Y. Sept. 24, 2015) (citation omitted).

Here, plaintiff attempts to extract damages from these officers by alleging Sgt. Byrnes and Officer Allen failed to intervene during his physical altercation with Detective Francesca at an Occupy Wall Street Demonstration on October 14, 201l. To support this claim, plaintiff summarizes in two short sentences that Sgt. Byrnes and Officer Allen are liable because both officers were "present in the immediate vicinity" of his arrest. Pl MOL p. 12.  While this conclusory allegation may have been enough to overcome a motion to dismiss at the pleading stage; at the summary judgment level, plaintiff "must submit some sort of evidence that [an officer] was present at the scene of the alleged assault [and had a reasonable opportunity to

8

intervene]" in order to prevail on personal involvement and essentially a failure to intervene theory. See De Michele v. City of New York, 09 Civ. 9334 (S.D.N.Y. Sept. 24, 2012) (PGG), 2012 U.S. Dist. LEXIS 136460, *52 (citing Munoz v. Martinez, 2005 U.S. Dist. LEXIS 48255, *8 (S.D.N.Y. 2005), Report & Recommendation adopted by 2005 U.S. Dist. LEXIS 48258 (S.D.N.Y. 2005)).

Absent from plaintiff's scant analysis, and ultimately fatal to any summary judgment in his favor, is any evidence to suggest that Sgt. Byrnes and Officer Allen observed any unnecessary force used against him. As it relates to Officer Allen, it is without dispute that he was not involved in apprehending or arresting plaintiff. Although he was later assigned to process plaintiff's arrest, at the moment of plaintiff's interactions with police, Officer Allen was focused on protestors and engaged in crowd control. Anakhu Decl., Ex F 61:7-11. Further, drawing all facts in favor of the non-moving party -in this instance, defendants- there was no reason for Officer Allen or Sgt. Byrne to believe that the force used by Officer DiFrancesca to apprehend plaintiff was unreasonable. The evidence shows that numerous officers and a non-party witness observed plaintiff intentionally (and dangerously) place his foot under the wheel of a police scooter in order to garner sympathy and a reaction from a crowd that was already emotionally charged. Id., 52:15-53:11; 56.1 ¶ 58, 60, 61; Ex C 11:21-12:18.

Nonetheless, it was not until plaintiff took his performance to the next level by kicking over a police scooter that Sergeant Byrnes decided to place him under arrest. As officers tried to handcuff him, plaintiff became uncooperative and began resisting. 56.1 ¶ 62-63, 66-70; Anakhu Decl., Ex F, 64:10-15; Ex G, 70:8-10. Officer Allen observed plaintiff flailing his arms, stiffening his body, and refusing to place his hands behind of his back. Anakhu Decl., Ex F, 64:16-21. Sgt. Byrnes observed plaintiff resisting by moving his arms, legs and attempting to

kick him. Anakhu Decl., Ex G, 60:13-18; 70:11-14. Officers are cognizant that "the right to make an arrest [] necessarily carries with it the right to use some degree of physical coercion or threat thereof…" Graham v. Connor, 490 U.S. 386, 396 (1989) (citations omitted). In this instance given the serious nature of the charges plaintiff faced, the violence in his conduct, and the vigorous manner in which he resisted arrest after trying to 'scoot' away, reasonable officers such as Sgt. Byrne and Officer Allen could not believe that plaintiff's constitutional rights were being violated. See Jiminez v. City of New York, 2015 U.S. Dist. LEXIS, at *16-17 (S.D.N.Y. Sept. 24, 2015) (citation omitted).

Here, and as outlined supra, plaintiff has failed to cite to admissible evidence, and will be unable to prove, that any excessive force was used or in the alternative that these individual officers had a meaningful opportunity to intervene based on knowledge of a constitutional right being violated. This is further cemented by plaintiff's failure to plead with specificity his excessive force claims against these defendants. Plaintiff cannot sue *en masse* the defendant officers for his alleged constitutional violations simply by virtue of their common employer and their presence at a protest.

Alternatively, any individual defendant officers would be entitled to qualified immunity on the excessive force/failure to intervene claim against them. "Qualified immunity depends on whether, '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [official's] conduct violated a . . . right,' and, if so, whether that right was 'clearly established' at the time of the events at issue." Beckles v. City of New York, 492 F.app'x 181, 182 (2d Cir. 2012). The Second Circuit has held that "the qualified immunity defense is generally available against excessive force claims [where] a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances."

Villa v. City of New York, 2013 U.S. Dist. LEXIS 49830, at *20 (S.D.N.Y. 2013) (citing Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995); see also Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003) ("[E]ven officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection from the sometimes hazy border between excessive and acceptable force." (internal quotation marks omitted)).

In this instance the facts establish that the individual defendant officers could reasonably believe that the force used on October 14, 2011, was reasonable given the level of resistance by the plaintiff. Similarly, even assuming, *arguendo*, that officers violated plaintiff's right, that right was not clearly established on October 14, 2011. Therefore all the individual defendant officers would be entitled to qualified immunity as it relates to plaintiff's force claim. Accordingly plaintiff's motion for summary judgment as to any failure to intervene claim against Sgt. Byrne and Officer Allen must be denied.

## **CONCLUSION**

For the foregoing reasons, defendants City of New York, Police Officer Anthony DiFrancesca, Police Officer Jerome Allen and Police Sergeant Brian Byrnes respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper, and deny plaintiff's partial motion for summary judgment in its entirety.

Dated:     New York, New York
           June 10, 2016

>                     ZACHARY W. CARTER
>                        Corporation Counsel of the City of New York
>                     *Attorney for Defendants City of New York,*
>                     *DiFrancesca, Allen and Byrnes*
>                     New York City Law Department
>                     100 Church Street
>                     New York, New York 10007
>                     (212) 356-2373
>
>                     By:        /s/
>                                Andrew J. Lucas; Joy T. Anakhu
>                                *Senior Counsels*
>                                Special Federal Litigation Division

TO:  Jeffrey A. Rothman, Esq. (via ECF)
     *Attorney for Plaintiff*
     315 Broadway, Suite 200
     New York, New York 10007