14 Civ 8124 (ALC) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DOUGLAS,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER ANTHONY DIFRANCESCA, Shield No. 04200; POLICE OFFICER JEROME ALLEN, Shield No. 27302; POLICE SERGEANT BRIAN BYRNES, Shield No. 969; JOHN DOES; and RICHARD ROES,

                                                    Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Andrew J. Lucas*
                  *Joy T. Anakhu*
*Tel: (212) 356-2373*
*Matter No.: 2014-046199*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

    THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ..................................... 1

    PLAINTIFF'S MALICIOUS PROSECUTION AND ABUSE OF PROCESS CLAIMS MUST BE DISMISSED ................................................................................................. 6

    PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS TO ADDRESS AND SUBSTANTIVE ARGUMENT, AND MUST BE DISMISSED ................................................................................................. 8

    PLAINTIFF'S MONELL CLAIM MUST BE DISMISSED ................................................................................................. 8

    PLAINTIFF DID NOT SET FORTH A FABRICATION OF EVIDENCE CLAIM AND CANNOT ASSERT ONE NOW ................................................................ 9

    PLAINTIFF'S EXCESSIVE FORCE AND FAILURE TO INTERVENE THEORIES MUST BE DISMISSED ................................................................................................. 10

CONCLUSION ............................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages**

Abdul-Rahman v, City of New York,
   2012 U.S. Dist. EXIS 45653,
   (E.D.N.Y. 2012) ..................................................................................................................10

Allen v. City of New York,
   15-cv-1918 (PKC), 2016 U.S. Dist. LEXIS 42977
   (S.D.N.Y. Mar. 30, 2016) .....................................................................................................9

Allen v. City of New York,
   No. 03 Civ. 2829 (KMW) (GWG), 2007 U.S. Dist. LEXIS 15
   (S.D.N.Y. Jan. 3, 2007 ..........................................................................................................8

Amore v. Novarro,
   624 F.3d 522 (2d Cir. 2010) ..................................................................................................6

Atwater v. City of Lago Vista,
   532 U.S. 318 (2001) ..............................................................................................................6

Brown v. City of New York,
   2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014) ................................................10

Caravalho v. City of New York,
   2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016) ...............................................9, 10

Carpenter v. City of New York,
   984 F. Supp. 2d 255 (S.D.N.Y. 2013) ...................................................................................9

Cohn v Khan,
   89 A.D.3d 1052 (2d Dep't 2011) ..........................................................................................6

Curley v. Village of Suffern,
   268 F.3d 65 (2d Cir. 2001) ....................................................................................................8

Garcia v. Doe,
   779 F.3d 84 (2d Cir. 2014) ....................................................................................................9

Guzman v. United States,
   No. 11 Civ. 5834 (JPO), 2013 U.S. Dist. LEXIS 131684,
   (S.D.N.Y. Feb. 14, 2013) ......................................................................................................7

Jones v. Waldron,
   13 cv 613, 2016 U.S. Dist. LEXIS 69538 (D. Conn. May 27, 2016) .................................10

| **Cases** | **Pages** |
|---|---|

Mathie v. Goord,
  267 F. App'x 13 (2d Cir. 2008) ...............................................................................10

Papineau v. Parmley,
  465 F.3d 46 (2d Cir. 2006) .......................................................................................6

Pearson v. Callahan,
  555 U.S. 223 (2009) ..............................................................................................2, 3

People v. Nunez,
  36 Misc.3d 172 (N.Y. City Crim. Ct. 2012) .............................................................9

People v. Terborg,
  35 A.D.3d 1169 (4th Dep't 2006) .............................................................................3

Rabinovich v. Licata,
  14 Misc. 3d 1211(A) (N.Y. Sup. Ct. 2007) ..............................................................6

Shah v. Helen Hayes Hosp.,
  252 F. App'x 364 (2d Cir. 2007) ............................................................................10

Shamir v. City of New York,
  804 F.3d 553 (2d Cir. 2015) .....................................................................................9

Simms v. City of New York,
  480 Fed. Appx. 627 (2d Cir. 2012) ..........................................................................9

Wright v. Ernst & Young LLP,
  152 F.3d 169 (2d Cir. 1998) ...................................................................................10

**Statutes**

Fed. R. Civ. P. 56 ................................................................................................................1

NY PL § 145.00(3) .............................................................................................................1

NY PL § 195.05 ..................................................................................................................4

NY PL § 240.20(5) .............................................................................................................6

RCNY § 4-04(c)(2) .............................................................................................................6

§ 1983 ............................................................................................................................6, 10

VTL § 1102 .........................................................................................................................6

VTL § 1156(a) ....................................................................................................................6

Defendants City of New York, Police Officer Anthony DiFrancesca, Police Officer Jerome Allen and Police Sergeant Brian Byrnes ("Defendants"), by their attorney, Zachary W. Carter, respectfully submit this reply memorandum of law in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST AND DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Probable cause existed to arrest plaintiff under NY PL § 145.00(3), and alternatively defendants are entitled to qualified immunity. It is undisputed that plaintiff was on the ground near a police scooter, and kicked it over into a nearby police van. See e.g. Decl. Ex C1. It is also undisputed that Officer DiFrancesca believed plaintiff had not been hit by the scooter, but was feigning this incident, as plaintiff concedes. Pl. 56.1, Dkt [53], ¶ 11.[1] That belief was reasonable and was shared by other individuals present, including a reporter for the Daily News. Defts' Decl. in Opp., Dkt [58-4], Ex C. Plaintiff cannot provide any testimony about the speed of the scooter when it made contact. Decl., Ex B p.99: 7-9. Even plaintiff concedes that the video shows the scooter moving slowly, and coming "momentarily to a halt" shortly before reaching plaintiff. 56.1 ¶¶ 24-25. And the video evidence appears to show plaintiff moving, and then holding, his feet against the front tire of the scooter. Decl., Ex E1, E2, E3. Similarly, the progression of photos taken moments apart by the Daily News, appears to show plaintiff sliding his feet towards the back tire of the scooter. Defts' Decl. in Opp., Dkt [58-

---

[1] In an effort to manufacture purported "issues of fact" plaintiff has turned away from his own testimony as well as what he previously offered to the Court as 'undisputed facts' in his own 56.1 statement. See Plaintiff's 56.1 Statement (Pl 56.1) at Dkt [53], responded to at Dkt [60]. Such arguments are ultimately unavailing, and the Court, though bound to resolve issues of fact in favor of the non-moving party may rely upon the non-moving parties own representations.

5, 58-6, 58-7], Ex E1-E3.  It was reported that plaintiff had simply stuck his legs under the scooter before kicking it by various press outlets.[2]

Plaintiff argues that the issues of fact exist that preclude summary judgment is whether plaintiff was struck by the scooter "trapping his right foot/leg."  This dispute is not material to either the question of probable cause or qualified immunity.  As this Court knows probable cause and qualified immunity are objective tests and assessed from the information available to the officer.  The material question for probable cause is whether Detective DiFrancesca and the non-party Daily News reporter were objectively unreasonable to believe plaintiff was feigning the incident.  For qualified immunity the Court asks if the belief of Det. DiFrancesca and the non-party was "plainly incompetent[.]" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted).  If the belief that plaintiff was feigning being pinned, even if subsequently inaccurate, was arguably reasonable, plaintiff's arrest was justified and defendants are entitled to qualified immunity.  The video evidence shows what was already in the papers and testified to by police and the non-party Daily News Reporter; it was at least arguably reasonable to believe plaintiff was not pinned by the scooter, and that he had no reason or justification to kick it over into the police van.

Plaintiff also attempts to argue that there is no evidence adduced regarding the cost of any repairs.  That is inaccurate, as plaintiff is surely aware.  Sergeant Byrnes testified explicitly to the cost of any repairs exceeding $250.00.  Decl. Ex L 86: 6-12.  Regardless, even if the cost of repairs was subsequently found to be under $250.00, certainly plaintiff cannot argue

---

[2]  e.g.  http://cityroom.blogs.nytimes.com/2011/10/14/video-of-protesters-leg-beneath-scooter-spurs-conflicting-accounts/?_r=0;  http://www.nydailynews.com/new-york/occupy-wall-street-protest-march-marred-video-appearing-show-nypd-scooter-hit-man-article-1.960596

with a straight face that officers must permit someone to destroy their equipment until the destruction reaches a dollar-amount threshold.

Plaintiff next argues about his intent. Specifically, he argues that he did not have the intent to intentionally destroy property because he had a reasonable belief that he could kick the scooter off of him. Plaintiff cites to only one case, a criminal action, for this proposition. People v. Terborg, 35 A.D.3d 1169 (4th Dep't 2006). That appeal did not deal with the analysis of an officer on the scene assessing probable cause, but instead is reviewing a criminal transcript after a finding of guilt beyond a reasonable doubt. Clearly a far more exacting standard in a scenario that more directly places intent at issue. Additionally, the plaintiff in that case was charged with unauthorized use of a vehicle. Evidently the damage was to a vehicle he was travelling in. Clearly where someone is driving and crashes a vehicle their intent is a closer question than when they simply kick someone's property.

Plaintiff provides no additional support for his intent argument, but defendants will echo the argument above. For the analysis at this stage, to overcome qualified immunity, plaintiff must show that no reasonable officer could believe he was faking having his leg pinned. That would also require that non-party observers who shared that point of view and reported it in the press were also objectively unreasonable. This does not touch on the factual issue of whether plaintiff's leg was pinned, but only if defendant's belief was at least arguably reasonable, even if subsequently mistaken. Pearson v. Callahan, 555 U.S. 231.

Plaintiff kicked a police scooter over into a police van causing damage. He does not claim that act was justified by reference to any piece of law, even if the scooter had trapped his foot. Alternatively, the law is not sufficiently clear that he had a right to he had a right to

3

kick that property instead of waiting for help, and defendants are entitled to qualified immunity for that arrest.

Plaintiff next argues that NY PL § 195.05 cannot justify his arrest. He does this by reference to whether orders were given, and irrelevant allegations about past actions with scooters. Plaintiff admits however, that the scooter was being used to establish a perimeter to keep people back from an arrestee. Pl MOL p. 5. He also admits that plaintiff was approaching that arrestee. Pl MOL p. 5. He denigrates the defendants' testimony that there was a crowd surging, but in fact, plaintiff himself testified very clearly that there were 20-50 people in the roadway in a semi-circle around the back of the van where police attempted to get the non-party arrestee. Decl. Ex B, 90:11-18, 91:8-19, 92:1-6. The video shows the same, a large and growing crowd circling the back of the van where police are attempting to bring non-party arrestees. Decl. Ex E.

Having conceded plaintiff was with a large group, in the roadway, circling a police van, approaching an arrestee, and came into contact with an officer attempting to make a perimeter, the elements of obstruction of governmental administration, NY PL § 195.05 are met. Plaintiff may have believed he had a duty or obligation to get biographical info from an arrestee, but to an officer seeing a member of the crowd push toward the arrestee and come into contact with him making a perimeter, it is at least arguably reasonable to believe he was interfering. This is particularly true as the officer, like the professional press on scene, reasonably believed plaintiff was staging the incident. In that instance, even if subsequently mistaken, it would be clear that there was probable cause or at least arguable probable cause to arrest for NY PL § 195.05.[3]

---

[3] Plaintiff makes a lengthy digression regarding the "scienter requirement" but can support his argument only with reference to criminal cases. This is because he is attempting to misframe the

Plaintiff's argument is similarly flawed with respect to NY PL § 240.20(5). He argues that he did not show requisite intent to satisfy the statute. As set forth above, plaintiff has misframed the "scienter" requirement at this stage in a § 1983 action. The probable cause and qualified immunity analysis turns on the reasonable or arguably reasonable assessment of defendants based on the situation they encountered. Plaintiff's proffered excuse, a claimed duty of an off-duty legal observer to cross police lines and talk to arrestees, is only an excuse. While it may have provided a substantive defense to criminal charges, it does not undermine probable cause, or arguable probable cause, at the scene given the chaotic situation encountered by defendants, or created by plaintiff. Either way, nothing in the record justifies plaintiff's blocking the street or standing in the middle of it, and he provides no substantive support to any theory that he was permitted in the roadway.

This is particularly important as it relates to VTL § 1102; 1156(a)[4] and the RCNY § 4-04(c)(2). Plaintiff makes five arguments against the application of these violations. First, plaintiff has no support for the proposition that the roadway was closed. Even if he did, review of the video evidence shows officers attempting to get individuals out of the roadway and onto the sidewalk after marchers swarmed the street earlier in the block and at the intersection.

---

law on a § 1983 constitutional claim. Plaintiff's subjective intent is irrelevant. The question before the court turns on probable cause, or arguable probable cause, based on the information known to the officer at the time. Having witnessed plaintiff as part of a crowd rushing arrestees at the back of the police van, seen plaintiff keeping defendant from establishing a perimeter, and seen plaintiff staging his feet under the scooter, the defendant had probable cause or at least arguable probable cause. Plaintiff's criminal "scienter" case is a non-sequitor.

[4] Plaintiff's argument that VTL § 1156(a) is inapplicable in New York City appears to be outdated, or at least not so clearly defined as to undermine qualified immunity. See Cohn v Khan, 89 A.D.3d 1052, 1053 (2d Dep't 2011) (Applying VTL § 1156(a) in Kings County in 2011); Rabinovich v. Licata, 14 Misc. 3d 1211(A) (N.Y. Sup. Ct. 2007) (Applying VTL §1156(a) in Richmond County in 2007). See also Amore v. Novarro, 624 F.3d 522 (2d Cir. 2010) (granting qualified immunity for an arrest based on a statute that had been overturned years prior to the arrest.)

Plaintiff's second and third argument are that plaintiff did not hear any orders, or disobey them, and that defendants were not directing traffic. However, orders or directions are irrelevant to VTL § 1156(a) and RCNY § 4-04(c)(2), and it is clear and the video shows that officers, including defendants, were trying to direct people out of the street and back from the van. Plaintiff's studied ignorance of that does not defeat probable cause for VTL § 1102. Finally, plaintiff's fourth and fifth arguments, are that he was not strolling in the street, or a pedestrian crossing at an intersection, but a legal observer. Plaintiff can turn to no authority permitting legal observers to violate traffic regulations because none exists. In fact, a violation of any of these provisions justifies plaintiff's arrest and seizure under the Fourth Amendment as a matter of undisputed Supreme Court law. Atwater v. City of Lago Vista, 532 U.S. 318, 324 (2001) (holding an arrest for a seatbelt violation does not amount to a constitutional violation). Plaintiff's reflexive reference to the First Amendment is also unavailing. Papineau v. Parmley, 465 F.3d 46, 59 (2d Cir. 2006) ("One would not be justified in ignoring the familiar red light because this was thought to be a means of social protest."). Note that both Papineau and Atwater similarly reference traffic infractions. As it is undisputed that plaintiff was in the roadway, not in a crosswalk, where sidewalks were available, and police were attempting to keep people back and out of the roadway generally, his arrest is justified by reference to each of these provisions as either probable cause, or arguable probable cause existed to arrest for them.

### PLAINTIFF'S MALICIOUS PROSECUTION AND ABUSE OF PROCESS CLAIMS MUST BE DISMISSED

Plaintiff cannot maintain his malicious prosecution claim in the first instance because he cannot show that it was initiated by any defendant. He relies upon Insogna, 704 F.3d 105 (2d Cir. 2013), but overlooks the fact that in that case the defendant swore out and filed a summons himself. Here, the District Attorney drafted, modified the charges, and filed the

6

criminal information.  Additionally, the authority relied upon by defendants, notably <u>Guzman v. United States</u>, post-dates plaintiff's authority No. 11 Civ. 5834 (JPO), 2013 U.S. Dist. LEXIS 131684, at *19 (S.D.N.Y. Feb. 14, 2013).  Plaintiff then casually accuses defendant Allen of perjury, and states there is no evidence that the damage was valued about $250.00.  Plaintiff overlooks that he has necessarily presented that argument in error, or else bad faith.  In fact, plaintiff's counsel himself adduced testimony that established the value as above $250.00.[5]  Decl. Ex L 86: 6-12.

        Plaintiff declines to identify which defendants his claim is attributable to because he cannot.  He variously asserts their names in connection with different records, but declines to address the fact that the District Attorney is presumed to have initiated the action, particularly here where the prosecutor used their discretion to select the charges.  Plaintiff's only remaining argument is to claim an issue of fact about whether he was trapped under the scooter thereby justifying, without reference to law, his kicking the police scooter.  Again, that is not a material issue of fact in this case.  The only question is whether the defendant was arguably reasonable or reasonable to believe plaintiff was feigning being pinned.  As the non-parties and press have confirmed, defendant's belief was reasonable, and certainly arguably reasonable.  That leaves plaintiff's affirmative criminal defense of justification irrelevant, even if defendant was mistaken.

        Similarly, as set forth in defendants' memorandum of law, probable cause, or arguable probable cause defeats plaintiff's claim for abuse of process.  To the extent that his arrest is justified that claim must also be dismissed.  Regardless, plaintiff still fails to identify, plead, let alone establish, any collateral objective to permit this claim to proceed.

---

[5] Plaintiff should be cautioned not to be so cavalier in his representations to the Court, or his characterizations of defendants.

### PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS TO ADDRESS AND SUBSTANTIVE ARGUMENT, AND MUST BE DISMISSED

Plaintiff does not contest that to the extent his Fourth Amendment seizure is justified, his First Amendment retaliation claim must be dismissed. Instead he sets forth a colorful missive purporting to assert counsel's argument as 'facts.' Such argument and characterization, particularly where it is so devoid of citations to the record, are not instructive. Adjectives are not sworn testimony, and calling plaintiff's neon hat a 'bullseye' for police is unsupported even by plaintiff.

First, again, to the extent the Court finds plaintiff's seizure justified this claim must be dismissed. Second, plaintiff has failed to set forth any actual facts or evidence that can establish the second prong of the First Amendment test, showing the actual motivation of defendants. "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001); See Allen v. City of New York, No. 03 Civ. 2829 (KMW) (GWG), 2007 U.S. Dist. LEXIS 15, at *72 (S.D.N.Y. Jan. 3, 2007). Plaintiff's bare conclusion appears to be of a police rampage that made officers want to strike against plaintiff as a legal observer in particular. However breathlessly that argument is set up it is equal parts unsupported by any citation offered by plaintiff, Pl MOL p. 16-17, and implausible on its face. Plaintiff's arrest followed the defendant's reasonable belief, shared by non-party witnesses and reported in the press, that plaintiff was faking this incident for attention. Defts' Decl. in Opp., Dkt [58-4], Ex C 11:21-12:18. Alternatively, defendants are entitled to qualified immunity at a minimum.

### PLAINTIFF'S MONELL CLAIM MUST BE DISMISSED

Plaintiff initially brought the sort of conclusory, unsupported, and overbroad allegations that have characterized a classically unsupported municipal liability theory. Decl. Ex

8

A ¶ 52-61.  Defendants addressed each of those theories specifically as subject to dismissal and explained the reasoning therein.  Plaintiff, in opposition has responded with three brief arguments.  Plaintiff argues that a single unidentified officers, after his arrest, said he wanted to clear out Zuccotti Park with bats.  This is not evidence of any de facto citywide policy, let alone one that is related to his four Monell theories.  Second, plaintiff argues that officers on October 14, 2011 were aggressive against protestors.  That assertion is unsupported.  Further, that one day is hardly a de facto policy for purposes of Monell.  Regardless that theory is unrelated to the bulk of plaintiff's alleged Monell theories.  Finally, plaintiff points to a list of lawsuits he appended to his complaint without elaboration.  Plaintiff's reference to other lawsuits is insufficient to support a Monell claim, particularly where, as here, it is set forth as a bare conclusion.  In fact, throughout cases litigating Occupy Wall Street the Courts have found police action proper.[6]  Regardless, these cases could not serve to put the City on notice, as they post date the incident in question, even if they could provide notice, which they do not as a matter of law.  Simms v. City of New York, 480 Fed. Appx. 627, 630 (2d Cir. 2012).

## PLAINTIFF DID NOT SET FORTH A FABRICATION OF EVIDENCE CLAIM AND CANNOT ASSERT ONE NOW

Plaintiff has attempted to recast his due process claim as sounding in fabrication of evidence for the first time in opposition to the motion for summary judgment.  This attempt to

---

[6] Plaintiff has excluded OWS cases that have actual determinations rendered.  That may be because Courts in this Circuit, and at the state level have consistently found Occupy Wall Street arrests were proper.  See e.g.  People v. Nunez, 36 Misc.3d 172, 183-84 (N.Y. City Crim. Ct. 2012) (arrests of approximately 200 protestors in Zuccotti Park on November 15, 2011 was lawful); Garcia v. Doe, 779 F.3d 84, 97 (2d Cir. 2014) (arrest of over 700 protestors on the Brooklyn Bridge on October 1, 2011 was lawful); Caravalho v. City of New York, 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016) (arrest of approximately 100 protestors on March 17, 2012 was proper); Carpenter v. City of New York, 984 F. Supp. 2d 255 (S.D.N.Y. 2013) (arrest of approximately 20 protestors arrested at a Citibank was proper); Shamir v. City of New York, 804 F.3d 553 (2d Cir. 2015); Allen v. City of New York, 15-cv-1918 (PKC), 2016 U.S. Dist. LEXIS 42977(S.D.N.Y. Mar. 30, 2016).

bootstrap a new argument based on plaintiff's inartful and inadequate pleadings, fails as a matter of law.

> First, [plaintiff] cannot amend his complaint through this [summary judgment] motion. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998); see also Mathie v. Goord, 267 F. App'x 13, 14 (2d Cir. 2008) (district court cannot consider new claims asserted in opposition to motion to dismiss); Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) (holding that district court did not err in disregarding allegations raised for the first time in response to motion for summary judgment).

Jones v. Waldron, 13 cv 613 (VAB), 2016 U.S. Dist. LEXIS 69538 (D. Conn. May 27, 2016). As set forth in the due process section previously, there is no reference to a fabrication of evidence claim in the complaint, and no due process theory meaningfully or separately asserted. Plaintiff's late attempt to graft a fabrication of evidence claim must fail.[7]

### PLAINTIFF'S EXCESSIVE FORCE AND FAILURE TO INTERVENE THEORIES MUST BE DISMISSED

Defendants maintain that plaintiff's excessive force claim, especially as it relates to his allegation of being contacted by the scooter, must be dismissed. Defendants also assert that the failure to intervene claim must be dismissed. Defendants rest these arguments on the papers set forth previously, above, and in opposition to plaintiff's motion for summary judgment.

---

[7] Any theory would regardless be without merit. See Abdul-Rahman v. City of New York, 2012 U.S. Dist. EXIS 45653, *34 (E.D.N.Y. 2012). Plaintiff failed to plead or establish the elements of such a claim, and his reliance on inadmissible criminal complaints is unavailing. Brown v. City of New York, 2014 U.S. Dist. LEXIS 181736 (E.D.N.Y. Dec. 23, 2014). This is doubly true where plaintiff did not proceed to trial and any claim would be duplicative of his other causes of action. Caravalho v. City of New York, 2016 U.S. Dist. LEXIS 44280 (S.D.N.Y. Mar. 31, 2016) ("[B]ecause any allegedly unconstitutional conduct at issue is already subsumed in plaintiffs' other section 1983 claims, the Court grants defendants' motion for summary judgment and dismisses plaintiffs' fair trial claims.") Finally, as noted throughout, any inconsistency here is not fairly described as a fabrication, particularly as impartial witnesses and press organizations share defendants' description of events.

## **CONCLUSION**

For the foregoing reasons, defendants City of New York, Police Officer Anthony DiFrancesca, Police Officer Jerome Allen and Police Sergeant Brian Byrnes respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
               June 24, 2016

                         ZACHARY W. CARTER
                           Corporation Counsel of the City of New York
                         *Attorney for Defendants City of New York,*
                         *DiFrancesca, Allen and Byrnes*
                         New York City Law Department
                         100 Church Street
                         New York, New York 10007
                         (212) 356-2373

                         By:            /s/
                                Andrew J. Lucas; Joy T. Anakhu
                                *Senior Counsels*
                                Special Federal Litigation Division

TO:   Jeffrey A. Rothman, Esq. (via ECF)
        *Attorney for Plaintiff*
        315 Broadway, Suite 200
        New York, New York 10007